Marabyan v 511 W. 179 Realty Corp. (2018 NY Slip Op 07237)





Marabyan v 511 W. 179 Realty Corp.


2018 NY Slip Op 07237


Decided on October 30, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2018

Acosta, P.J., Friedman, Kapnick, Webber, Moulton, JJ.


153717/16 7502A 7502

[*1] Meri Marabyan, Plaintiff-Respondent,
v
511 West 179 Realty Corp., Defendant, DirecTV, LLC, et al., Defendants-Appellants.


Lynch Rowin LLP, New York (Marc Rowin of counsel), for DirecTV, LLC, appellant.
Thorn Gershon Tymann & Bonanni, LLP, Albany (Matthew H. McNamara of counsel), for Dish Network L.L.C., appellant.
Law Office of Yuriy Prakhin P.C., Brooklyn (Yuriy Prakhin of counsel), for respondent.



Orders, Supreme Court, New York County (Gerald Lebovits, J.), entered February 22 and 23, 2018, which denied defendant DirecTV, LLC's motion for summary judgment dismissing the complaint as against it and defendant Dish Network L.L.C.'s motion to dismiss for failure to state a cause of action and for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs, without prejudice to renewal after further discovery.
We agree with Supreme Court that defendants' respective motions for summary judgment should have been denied; not because issues of fact exist, but rather as premature, no employee of either movant has been deposed, and installation, repair, and/or maintenance records may also shed light on what work, if any, defendants undertook at the accident location, and when. Plaintiff therefore satisfied her burden of demonstrating that facts essential to oppose defendants' motions may lie within defendants' exclusive knowledge and/or control (see CPLR 3212[f]; Figueroa at 439; Brooks v Somerset Surgical Assoc., 106 AD3d 624 [1st Dept 2013]).
We also agree with the motion court's denial of that branch of Dish Network's motion which was to dismiss for failure to state a cause of action, since Dish Network failed to meet its burden of establishing that the amended complaint does not adequately plead a claim against it (see Connolly v Long Is. Power Auth., 30 NY3d 719, 728-730 [2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: OCTOBER 30, 2018
CLERK